**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **MALIK MINGO, and** | : | **VIOLATIONS:** |
| **JARRED THOMAS,** | : | **18 U.S.C. § 1951** |
| | : | **(Interference with Interstate Commerce** |
| Defendants. | : | **by Robbery)** |
| | : | **18 U.S.C. § 924(c)(1)** |
| | : | **(Using, Carrying, and Possessing a** |
| | : | **Firearm in Furtherance of a Crime of** |
| | : | **Violence)** |
| | : | **22 D.C. Code §§ 2801 and 4502** |
| | : | **(Armed Robbery)** |
| | : | **22 D.C. Code § 4504(b)** |
| | : | **(Possession of a Firearm during a Crime** |
| | : | **of Violence or Dangerous Offense)** |
| | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of a Firearm and** |
| | : | **Ammunition by a Person Convicted of a** |
| | : | **Crime Punishable by Imprisonment for a** |
| | : | **Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 981(a)(1)(C)** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and** |
| | : | **26 U.S.C. § 2461(c)** |

**I N D I C T M E N T**

**The Grand Jury charges that:**

**COUNT ONE**

On or about September 23, 2015, in the District of Columbia, the defendants, **MALIK MINGO and JARRED THOMAS**, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, as that term is defined in Title 18, United States Code,

Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that defendants **MALIK MINGO and JARRED THOMAS**, did unlawfully take and obtain personal property consisting of U.S. currency belonging to "Like That 2" barbershop located at 3301 Stanton Road, Southeast, Washington, D.C., from the presence of an agent against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while the agent was engaged in commercial activities as an agent of "Like That 2" barbershop, a business that was engaged in and that affects interstate commerce.

>(**Interference With Interstate Commerce By Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWO

On or about September 23, 2015, within the District of Columbia, **MALIK MINGO**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Count One of this Indictment which is incorporated herein, a handgun.

>(**Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1))

## COUNT THREE

On or about September 23, 2015, within the District of Columbia, **JARRED THOMAS**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Count One of this Indictment which is incorporated herein, a handgun.

>(**Using, Carrying, and Possessing a Firearm in Furtherance of a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1))

## COUNT FOUR

On or about September 23, 2015, within the District of Columbia, **MALIK MINGO and JARRED THOMAS**, while each armed with a handgun, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Jason Christopher Brown, property of value belonging to Jason Christopher Brown, consisting of a cell phone and U.S. currency.

(**Armed Robbery**, in violation of Title 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT FIVE

On or about September 23, 2015, within the District of Columbia, **MALIK MINGO and JARRED THOMAS** did each possess a handgun, that is, firearm, while committing the crime of Armed Robbery as set forth in the Fourth count of this indictment.

(**Possession of a Firearm during Crime of Violence or Dangerous Offense**, in violation of Title 22, D.C. Code, Section 4504(b) (2001 ed.))

## COUNT SIX

On or about September 23, 2015, within the District of Columbia, **MALIK MINGO and JARRED THOMAS**, while each armed with a handgun, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Ronald Sheppard, property of value belonging to Ronald Sheppard, consisting of U.S. currency.

(**Armed Robbery**, in violation of Title 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT SEVEN

On or about September 23, 2015, within the District of Columbia, **MALIK MINGO and JARRED THOMAS** did each possess a handgun, that is, firearm, while committing the crime of Armed Robbery as set forth in the Sixth count of this indictment.

(**Possession of a Firearm during a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## COUNT EIGHT

On or about September 23, 2015, within the District of Columbia, **JARRED THOMAS,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, in D.C. Superior Court, Criminal Case No. 2015-CF3-207, did unlawfully and knowingly receive and possess a firearm, that is, a handgun, and did unlawfully and knowingly receive and possess ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property subject to forfeiture includes a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.      Upon conviction of the offenses alleged in Counts Two, Three, and Eight, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.


Acting Attorney of the United States
in and for the District of Columbia